UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN JARVIS JEROME PHILLIPS,

Plaintiff,

v.

COUNTY OF WAYNE, *et al.*,

Defendants.
______________________________/

Case No. 2:26-cv-10225

Susan K. DeClercq
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER ON PLAINTIFF'S MOTION TO AMEND**
**(ECF No. 15, 25, 34, 38, 42, 45–46, 57)**

Pending before the Court is Plaintiff Justin Jarvis Jerome Phillips' *Motion for Leave to File Verified First Amended Complaint* (ECF No. 57). The District Judge referred all pretrial motions to the undersigned on January 23, 2026. (ECF No. 8).

Plaintiff, who is proceeding pro se, filed this civil rights action on January 21, 2026. (ECF No. 1). Plaintiff sued the County of Wayne, City of Livonia, the 16th District Court, NaphCare, Inc., and several individuals who work for or within the named entities related to the entrance of an order authorizing a two-day custodial term for nonpayment. (*Id.* at PageID.2–4). Defendants filed separate motions to dismiss. (ECF Nos. 15, 25, 42). Plaintiff subsequently sought leave to amend his complaint. (ECF Nos. 46, 57)

In his motion for leave to file a first amended complaint, Plaintiff explains that "since commencing this action, Plaintiff has continued reviewing records, organizing the chronology of events, responding to Defendants' motions, and reconstructing the factual sequence surrounding the alleged constitutional violations. (ECF No. 57, PageID.782–83).[1] Plaintiff states that as a result he has "developed a more complete and organized understanding of the events giving rise to this litigation." (*Id.* at PageID.783). Plaintiff claims that his proposed amended complaint will simply clarify facts, identify the conduct of individual defendants, identify John Doe and Jane Doe Defendants, and narrow his request for relief. (*Id.*)

The record reflects several procedural issues with the structure of Plaintiff's Complaint and with service of process. For example, Plaintiff's Complaint pleads no more than conclusory allegations that a constitutional violation occurred without facts describing the allegations or connecting a single defendant to any count within the Complaint. Plaintiff's Complaint as pleaded is conclusory, vague, and ambiguous.

Federal Rule of Civil Procedure 15 provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires."

---

[1] In his July 13, 2026, brief in response to Defendants' motions to dismiss, Plaintiff also requested alternative relief in the form of leave to amend his Complaint. (ECF No. 46).

Fed. R. Civ. P. 15(a)(2). Of importance here, Plaintiff does not seek to add claims or additional defendants but seeks to clarify his current allegations. Therefore, the Court will provide Plaintiff one opportunity to cure the defects in his Complaint. Plaintiff's failure to do so could result in the dismissal of his Complaint. To be clear, since Plaintiff failed to attach a copy of the proposed amended complaint, the Court grants Plaintiff leave to amend his pleading to properly support and clarify the claims he has already asserted. The Court does not grant Plaintiff leave to add any new claims or defendants, other than naming the current John Doe and Jane Doe Defendants.

Accordingly, it is **ORDERED** that Plaintiff's *Motion for Leave to File Verified First Amended Complaint* (ECF No. 57) is **GRANTED**. Plaintiff shall file his First Amended Complaint **on or before September 7, 2026**. It is further **ORDERED** that **on or before September 7, 2026**, Plaintiff shall complete and present to the Clerk's Office proper service information for all Defendants. (*See* ECF No. 7). The summons and time to serve the unserved or improperly served Defendants is extended for **forty-five days** from the date Plaintiff files his First Amended Complaint. Since Plaintiff has been granted leave to amend his Complaint it is also **ORDERED** that Defendants' *Motion to Dismiss* (ECF No. 15, 25, 42), and *Motion to Adjourn Pro Se Plaintiff's Motion for Partial Summary Judgment* (ECF No. 38); and Plaintiff's *Motion for Partial Summary Judgment*

(ECF No. 34), *Motion for Leave to File an Excess-Page Response Brief* (ECF No. 45), and *Response and Motion for Alternative Relief* (ECF No. 46) are **DENIED** as moot.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: August 25, 2026.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on the August 25, 2026, by electronic means and/or ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850