UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN JARVIS JEROME PHILLIPS,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF WAYNE, *et al.*,<br><br>Defendants.<br>_______________________________/ | Case No. 2:26-cv-10225<br><br>Susan K. DeClercq<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United State Magistrate Judge |

**ORDER REGARDING ECF Nos. 28, 32, 35, 75, 77**

On November 24, 2026, the Court directed personal service of Defendants Nadezda Stojceska and Katherine Worden. (*See* ECF No. 86). As a result, the Parties' various motions related to the lack of proper service of Defendants Stojceska and Worden are now moot. (ECF Nos. 28, 32, 35, 75).

Also, Plaintiff moves for leave to file an untimely motion for reconsideration or, alternatively, for clarification of the District Judge's September 28, 2026, Order. (ECF Nos. 68, 77). Plaintiff's misunderstanding appears to be related to Footnote 1 of the Order stating that "Phillips has abandoned the relief sought in his first motion—the return of $293. *See* ECF No. 61 at PageID.861." (*Id.*). In his objection, as cited by the District Judge, Plaintiff conceded that "the immediate return of approximately $293 previously collected *concerns monetary injury* and, standing alone, *does not establish irreparable prospective injury*." (ECF No. 61,

PageID.861) (emphasis added). Footnote 1 simply references Plaintiff's concession that he is not entitled to a preliminary injunction for the immediate return of the $293 as he originally sought in his motions. The meaning of the footnote is clear, and it is consistent with Plaintiff's own concession. Thus, the motion is denied as leave to file an untimely motion for reconsideration is unnecessary.

Accordingly, it is **ORDERED** that Defendants 16th District Court and City of Livonia's *Motions to Strike* (ECF Nos. 28, 35, 75), and Plaintiff's *Motion for Alternative Service* (ECF No. 32) and *Motion for Leave for Late Reconsideration or Alternatively Clarification* (ECF No. 77) are **DENIED**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: November 24, 2026.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on the November 24, 2026, by electronic means and/or ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850